VARNER ET AL. VS. SIMMONS ET AL.

1. COUNTY SEAT: *Removal, etc.*
   Where an act providing for the removal of county seats is repealed, a provision of the act that there shall not be a second removal for ten years becomes inoperative.

2. ———: *Same,*
   A provision of an act for the removal of county seats that whenever an election has been held *in pursuance of this act,* and the county seat changed in compliance therewith, it shall not be lawful to change the couunty seat again under ten years, does not apply to a removal had under the provisions of a prior act.

APPEAL from *Lincoln* Circuit Court,
Hon. T. F. SORRELLS, Circuit Judge.
*L. A. & X. Y. Pindall,* for Appellants.
*Cunningham, contra.*

ENGLISH, CH. J.:

It appears from the transcript in this case, that the Commissioners appointed by the Governor to locate the county seat of Lincoln County, under the act of March 28th, 1871, creating the county, located the county seat at Mason's place, and the location was approved by the County Court at its July term 1871.

That in February 1872, the county seat was removed to and permanently located at Star City, under the provisions of the act of March 15th, 1869. (Gantt's Dig., chap. 34.

That on the 6th of October 1876, W. F. Varner presented to the County Court a petition purporting to be signed by 873 persons, styling themselves citizens of the county, for the removal of the county seat from Star City to Varner's Station, on the Little Rock, Pine Bluff and New Orleans Railroad, and praying the court to make an order for an election to ascertain if a majority of the voters of the county favored the proposed removal, etc.

The petition was accompanied by an abstract of title to the particular quarter section of land to which it was proposed to remove the county seat; and an offer of Varner to donate to the county a sufficient quantity thereof, not exceeding ten acres, as a site for court house, jail, etc.

At the time the petition was presented to the County Court, John G. Simmons and three other persons were permitted to file a plea setting up the former removal of the county seat as a bar to the proposed removal.

The court sustained the plea and dismissed the petition, and Varner appealed to the Circuit Court, where on a trial anew a like judgment was rendered and Varner appealed to this court.

The application for the removal in question was made under the provisions of the act of March 2d, 1875, (Acts of 1874-5, p. 201,) by which act, chapter 34, Gantt's Digest, title "County Seats," was expressly and without reservation, repealed.

The repealed statute contained this provision: "Whenever an election has been held, and the county seat may have been removed in compliance therewith, it shall not be lawful to remove the county seat again under ten years," etc. Gantt's Dig., sec. 973.

At the time the present petition for removal was presented to, and heard by the County Court, ten years had not trans-. pired from the time of the removal of the county seat from Mason's place to Star City, but the provision of the repealed statute above copied was no bar to the proposed removal.

The appellees do not show in their plea that they had any special private interests which would be affected by the removal of the county seat from Star City, but whatever may have been their personal interests in that location, the public policy was paramount, and they could not avail themselves of a repealed statute (and a statute which the Legislature had the

constitutional power to repeal) to defeat the proposed removal, or rather to prevent the County Court from making the order prayed by appellant to submit the question of removal to the electors of the county. *Moses et al.* v. *Kearney*, 31 Ark., 261.

There is, however, the following provision in the act of March 2, 1875 :          •

"SECTION 9. Whenever an election has been held *in pursuance of this act* and the county seat changed in compliance therewith, it shall not be lawful to change the county seat again under ten years."

The election by virtue of which the county seat was removed from Mason's place to Star City, was not held "*in pursuance of this act,*" but was held, and the removal made under the provisions of the act of 16th of March 1869 (Gantt's Dig., chap. 34). which this act expressly, and without reservation, repealed.

The court below erred in sustaining the plea in bar interposed by the appellees, and its judgment must be reversed and the cause remanded for further proceedings.

It does not appear in the transcript before us that the 873 persons whose names were subscribed to the petition for removal were qualified voters of Lincoln County, as required by sec. 3 of the act of March 2, 1875, and this must be the subject of inquiry in the court below on a rehearing of the petition.

The court below does not appear to have passed on the sufficiency of the petition, on the accompanying abstract of title and proposed donation, but merely to have held the plea in bar sufficient, and for its error in holding the plea good its judgment is reversed as above indicated, and the case remanded for a rehearing on the petition and accompanying documents, etc., with liberty to the appellees to interpose any other

appropriate objection to the prayer of the petition which they may have. (See section 1 of the removal act).